Brinkerhoee, C.J.
This case below was the contest of an election for the office of sheriff of Wyandot county. It was supposed to involve the question as to the constitutional validity of the act of April 13, 1863, to enable qualified voters of this state in the military service of this state, or of the United States, to exercise the right of suffrage. And that question, it seems, was passed on by the court below; nevertheless it dismissed the case for want of jurisdiction, on the ground that notice of appeal had not been entered with the clerk of the court of common pleas within the time prescribed by law, as required in the thirty-sixth section of the act to regulate the election of state and county officers. 1 S. & C. 539. From the facts as they appear on record, we are constrained to say, and we are unanimously of opinion, that the court below was right in dismissing the case on the grounds *569 mentioned. We are of opinion that the “appeal” mentioned in the thirty-sixth section of the act to regulate elections, and the “ contest ” mentioned in succeeding sections, refer to the same proceeding ; and that notice of appeal to be entered with the clerk of the court of common pleas, and notice of the contest to be given to the contestee, are both necessary to confer upon the court of common pleas jurisdiction of the case and of the parties. The time for the giving of both these notices is, by the proviso to the seventeenth section of the act of 1863, extended to fifty days after the election, instead of twenty, as provided in the original general act. But in this case the notice of contest or appeal was not entered with the clerk of the court of common pleas until some sixty days after the election, and came too late to give that court jurisdiction of the case. Hence, having no case before us involving the question, we are unable to pass upon the constitutional validity of the act of 1863. Were we to assume to do so, any expression of opinion by us would be mere obiter dicta. We regret this result; as the constitutional question has been thoroughly argued before us, as it is one of great public interest, and its speedy determination would tend to quiet the public mind and relieve important public and private interests from suspense.
Order dismissing case, for want of proper notice of appeal, affirmed.
Scott, Ranney, Wilder and White, JJ., concurred.